## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA
## COURT FILE NO.: CV - _____

| | |
|---|---|
| Lisa Horsch,<br><br>　　　　　　Plaintiff,<br>v.<br><br>Creditors Financial Group, LLC,<br><br>　　　　　　Defendant. | **<u>COMPLAINT</u>**<br><br><br>**<u>JURY TRIAL DEMANDED</u>** |

### <u>JURISDICTION</u>

1.　Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

2.　This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

### <u>PARTIES</u>

3.　Plaintiff Lisa Horsch (hereinafter "Plaintiff") is a natural person who resides in the City of Dalbo, County of Isanti, State of Minnesota, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

4.　Defendant Creditors Financial Group, LLC (hereinafter "Defendant CFG") is collection agency with its principal office address located at 3131 South Vaughn Way, Suite 110, Aurora, Colorado 80014.  Defendant CFG is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

5.  Sometime prior to October 2007, Plaintiff allegedly incurred a "consumer debt," as that term is defined by 15 U.S.C. §1692a(5), with Bank of America.

6.  The alleged debt was transferred, assigned or sold to Defendant by Bank of America sometime prior to October 2007.

7.  Plaintiff's home phone system is set up in such a way that prevents callers from concealing the phone number from which they are calling.  Thus, in order to successfully make contact with Plaintiff via telephone, callers must "unblock" their number in one of two ways.  Callers may either press '1' to automatically release their phone number, or press '2' to manually enter the number from which they are calling.

8.  On February 7, 2008, Defendant's agent contacted Plaintiff by calling her home telephone.  Instead of pressing '1' to automatically release Defendant's number, Defendant's agent pressed '2.'  Defendant's agent then entered Plaintiff's very own phone number, instead of Defendant's number, thereby purposely misleading Plaintiff as to the true identity of the caller, in violation of 15 U.S.C. § 1692d, 15 U.S.C. § 1692d(6), 15 U.S.C. § 1692e, 15 U.S.C. § 1692e(10), and 15 U.S.C. § 1692f.

9.  During the conversation between Defendant's agent and Plaintiff dated February 7, 2008, Plaintiff asked Defendant's agent if Defendant was a law firm.  Defendant's agent stated "we're pretty much the power of attorney right now," in violation of 15 U.S.C. § 1692d, § 1692e, § 1692e(3), and § 1692e(10).

10.    On February 12, 2008, Defendant's agent attempted to communicate with Plaintiff by calling her home and leaving her a voice message.

11.    During the attempt to contact Plaintiff on February 12, 2008, Defendant's agent again pressed '2' to manually enter a phone number to unblock his call. Instead of entering Defendant's phone number as directed, Defendant's agent entered Plaintiff's estranged husband's cell phone number, in violation of 15 U.S.C. § 1692d, § 1692d(6), § 1692e, § 1692e(10), and § 1692f.

12.    On February 18, 2008 Defendant's agent attempted to communicate with Plaintiff by calling her home and leaving her a voice message.

13.    During the attempt to contact Plaintiff on February 18, 2008, Defendant's agent again pressed '2' to manually enter a phone number to unblock his call. Instead of entering Defendant's phone number as directed, Defendant's agent entered Plaintiff's estranged husband's cell phone number, again in violation of 15 U.S.C. § 1692d, § 1692d(6), § 1692e, § 1692e(10), and § 1692f.

14.    In the message dated February 18, 2008, Defendant's agent only referred to himself as "Bryon Wilson calling in regards to the matter involving yourself and Mark" in violation of 15 U.S.C. § 1692d(6) and § 1692e(11).

15.    On February 20, 2008, Defendant's agent attempted to communicate with Plaintiff by telephoning her home and leaving her a voice message.

16.    In the message dated February 20, 2008, Defendant's agent only referred to himself as "Bryon Wilson" and did not disclose the purpose of his call, in violation of 15 U.S.C. § 1692d(6) and § 1692e(11).

17.     On February 25, 2008, Defendant's agent attempted to communicate with Plaintiff by telephoning her home and leaving her a voice message.

18.     In the message dated February 25, 2008, Defendant's agent only referred to himself as "Bryon Wilson" and did not disclose the purpose of his call in violation of 15 U.S.C. § 1692d(6) and § 1692e(11).

19.     On March 5, 2008, Defendant's agent attempted to communicate with Plaintiff by telephoning her home and leaving her a voice message.

20.     In the message dated March 5, 2008, Defendant's agent only referred to himself as "Bryon Wilson" and did not disclose the purpose of his call, in violation of 15 U.S.C. § 1692d(6) and § 1692e(11).

21.     On March 13, 2008, Defendant's agent "John Gigliano" telephoned Plaintiff's sister and left a message disclosing that Defendant was looking for Plaintiff in an attempt to collect a debt, in violation of 15 U.S.C. 1692c(b).

22.     On March 13, 2008, Defendant's agent "John Gigliano" also telephoned and spoke with Plaintiff's father.  Defendant's agent explained he was seeking information regarding Plaintiff in an attempt to collect a debt, in violation of 15 U.S.C. 1692c(b).

23.     On an unknown date following the March 13, 2008, conversation with Plaintiff's father, Defendant again attempted to speak with her father regarding the alleged debt, as evidenced by his caller identification system, in violation of 15 U.S.C. § 1692d and 1692f.

24.     Defendant's conduct has caused Plaintiff actual damages in the form of emotional

        distress, fear and anxiety.

## TRIAL BY JURY

25.     Plaintiff is entitled to and hereby demands a trial by jury.  US Const. amend. 7.

        Fed. R. Civ. Pro. 38.

## CAUSES OF ACTION

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT –

## 15 U.S.C. § 1692 et seq.

26.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as

        though fully stated herein.

27.     The foregoing acts and omissions of Defendant constitutes numerous and multiple

        violations of the FDCPA, including but not limited to each and every one of the

        above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

28.     As a result of Defendant's violations of the FDCPA, Plaintiff has suffered and is

        entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages

        pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs

        pursuant to 15 U.S.C. § 1692k(a)(3).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant for:

- actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant;

- statutory damages pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant;

- the costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant; and

- for such other and further relief as may be just and proper.

Dated this <u>19th</u> day of May, 2008.          Respectfully submitted,


                                         By: <u> s/Thomas J. Lyons,Jr.          </u>
                                         **CONSUMER JUSTICE CENTER, P.A.**
                                         Thomas J. Lyons, Jr., Esq.
                                         Attorney I.D. #0249646
                                         Trista M. Roy, Esq.
                                         Attorney I.D. #0387737
                                         367 Commerce Court
                                         Vadnais Heights, MN 55127
                                         Telephone:  (651) 770-9707
                                         Facsimile:  (651) 704-0907
                                         tommycjc@aol.com

                                         ATTORNEYS FOR PLAINTIFF

## <u>VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF</u>

STATE OF MINNESOTA　　　　　)
　　　　　　　　　　　　　　　　) ss
COUNTY OF ISANTI　　　　　　)

      Lisa Horsch, having first been duly sworn and upon oath, deposes and says as follows:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorney and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass Defendant, cause unnecessary delay to Defendant, or create a needless increase in the cost of litigation to Defendant, named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

                                        s/Lisa Horsch_____
                                        Lisa Horsch

Subscribed and sworn to before me
this <u>15th</u> day of May, 2008.

s/Jeanna M. Tuset_____
Notary Public